HOMELINKS GOLF CLUB, INC., APPLICATION, APPELLANT, *v.* BUREAU OF UNEMPLOYMENT COMPENSATION ET AL., APPELLEES.

Common Pleas Court, Franklin County.

No. 215552. Decided February 13, 1963.

*Mr. Robert M. Lawther, Mr. John R. Tibbet* and *Mr. William R. Fairgrieve*, for appellant.
*Mr. William Saxbe*, attorney general, and *Mr. Harold Talbot*, assistant attorney general, for appellees.

REYNOLDS, J. This case is before the Court on appeal from a decision of the Administrator, which decision reads in part as follows:

"The application of the Homelinks Golf Club, Inc., for classification of employment as seasonal, dated April 20, 1961, was received by the Ohio Bureau of Unemployment Compensation on April 21, 1961. After investigation and due consideration an initial determination of the Ohio Bureau of Unemployment Compensation was issued on October 3, 1961. This determination denied the application. On November 24, 1961, the Homelinks Golf Club, Inc. filed with the Administrator an application for review and redetermination of the initial determination.

"The application for review and redetermination was allowed, and a hearing was held on the 19th day of June, 1962, in Columbus, Ohio, before John P. Falcons, Deputy Administrator. The Homelinks Golf Club, Inc., was represented by Mr. Robert Lawther, Attorney at Law; Mr. John R. Tibbett, Attorney at law; and Mr. B. Roy Darby, President, Homelinks Golf Club, Inc.

"The initial determination, issued on October 3, 1961, denied the application on the basis of two enumerated reasons."

The first of these reasons is as follows:

\* \* \* \*

"1. Section 4141.33(A), Revised Code, provides as follows:

" 'Seasonal employment means employment in an occupation or an industry which because of climatic conditions or because of the seasonal nature of such employment it is customary to operate only during regularly recurring periods of less than thirty-six weeks in any consecutive fifty-two weeks.'

"This provision clearly provides that only employment in an occupation or industry may be declared seasonal. The facts contained in the applications, together with the facts ascertained through investigation, however, are insufficient to warrant a holding that it is customary for the golf course industry to operate only during regularly recurring periods of less than thirty-six weeks in any consecutive fifty-two weeks. " \* \* \* "

Appellant operates a golf course during what may be called the golf season, running from March or April to November of each year. It has no membership and operates solely on charges for green fees.

All of its employees except the superintendent and corporate officer, are employed only from the opening of the playing season and continuing to its close, when they are let out.

Appellant made application for seasonal classification which application was denied as above set out.

Section 4141.33, Revised Code, provides as follows:

"(A) Seasonal employment means employment in an occupation or an industry which because of climatic conditions or because of the seasonal nature of such employment it is customary to operate only during regularly recurring periods of less than thirty-six weeks in any consecutive fifty-two weeks. Any employer who claims to have seasonal employment may file with the administrator of the bureau of unemployment compensation a written application for classification of such employment as seasonal. Whenever in any employment it is customary to operate because of climatic conditions or because

of the seasonal nature of such employment only during regularly recurring periods of less than thirty-six weeks duration, benefits shall be payable only during the longest seasonal periods which the best practice of such industry will reasonably permit. The administrator shall ascertain and determine, or redetermine, after investigation and due notice, such seasonal periods for each such seasonal employment. Until such determination by the administrator, no employment shall be deemed seasonal. When the administrator has determined such seasonal periods, he shall also fix the proportionate number of weeks of employment and earnings required to qualify for benefit rights in place of the weeks of employment and earnings requirement stipulated in division R of Sections 4141.01 and 4141.30, Revised Code, and the proportionate number of weeks for which benefits may be paid.''

It is the position of the Department that in order to qualify for seasonal classification, it must be shown that the entire golf industry is seasonal.

It is undisputed that this particular club operates as such less than 36 weeks during the year, and that a restaurant or snack bar business, which is operated only as an incident to the golf activity ceases when the golf course is closed.

There can be no serious claim that appellant could operate its golf business at a profit during the winter months.

Clubs which have a membership paying dues, and have club houses, and a continuous service in the way of entertainment, food, etc., are in operation the year around even though the golf links are unused except for the occasional use by a golf addict or a golf fanatic.

There is a vast practical difference between such clubs and the one operated by appellant but, unless a distinction can be drawn and appellant is bound to employ for the entire year because others operating golf properties do so, the ruling of the department should be upheld.

The question naturally arises why any employer must afford his employees four or five months vacation when conditions are such that he cannot economically furnish them employment, and that is the situation here.

There are few businesses that could operate in this manner

without soon becoming bankrupt. Certainly any one taking employment with appellant is cognizant of the fact that his tenure is seasonal and that his work naturally terminates when the golf season as it is generally known, is ended.

In the application of any statute, the interpretation should be such as would result in giving it a reasonable and sensible meaning and produce a rational result.

To conclude that an employer in private industry must be responsible for full time employment, if others engaged in like industry, although under vastly different circumstance employ the year around, puts an interpretation thereon that works great hardships in many cases.

If the interpretation is indulged which will produce a sensible result, that interpretation should be followed.

By limiting the question as to seasonal occupation strictly to the limited industry in which appellant and others in like circumstances are engaged, we come to a rational and sensible conclusion, and relieve one who by the very nature of his business is limited to a seasonal operation.

Placing this latter interpretation on the meaning of the statute, the Court sustains the appeal and reverses the ruling appealed from.